IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY R. SLUSSER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17-CV-235 |
| ) | |
| STATE OF MICHIGAN, STATE ) | |
| OF INDIANA, U.S. JUSTICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Rodney R. Slusser, a pro se prisoner, on March 6, 2017, in the Middle District of Florida. For the reasons set forth below, the Court **DENIES** the habeas corpus petition **WITHOUT PREJUDICE**. Rodney R. Slusser is **CAUTIONED** that if he files another meritless challenge to his State criminal charges, he may be fined, sanctioned, or restricted. The clerk is **DIRECTED** to close this case.

DISCUSSION

Slusser is still being held in the Starke County Jail as a pre-trial detainee. He is again attempting to challenge a pending State criminal proceeding. This is the third time he has tried to

do so. In both *Slusser v. Superintendent*, 3:16-CV-607 (N.D. Ind. filed September 12, 2016), and *Slusser v. Superintendent*, 3:17-CV-197 (N.D. Ind. filed March 6, 2017), this Court explained that he cannot challenge the State criminal charges against him until after he is convicted and after he has properly presented his claims to the Indiana Supreme Court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Both of his prior cases were dismissed without prejudice.

Now he has filed this habeas corpus petition in the Middle District of Florida. Doing so was an abuse of the judicial process. Slusser is incarcerated in Indiana. There was no basis for filing this case in Florida. Indeed, there was no basis for filing this case anywhere. Slusser already knows that he does not have a valid habeas corpus claim at this time. This case is a waste of judicial resources. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.8 (1989) (*quoting In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984)). Though the Court will not sanction Slusser for filing this case, if he files another meritless case attempting to challenge his State criminal charges, he is cautioned that he may be fined, sanctioned, or restricted because "[a]busers of the judicial process are . . .

. to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989)."


CONCLUSION

For the reasons set forth above, the Court **DENIES** the habeas corpus petition **WITHOUT PREJUDICE**. Rodney R. Slusser is **CAUTIONED** that if he files another meritless challenge to his State criminal charges, he may be fined, sanctioned, or restricted. The clerk is **DIRECTED** to close this case.


**DATED: April 6, 2017**              /s/RUDY LOZANO, Judge
                                      **United States District Court**